By the Court.—Curtis, J.*
The plaintiff’s affidavit shows, that about one month before the defendant’s note fell due, the defendant sold his stock, business and articles contained in his place of business, which, with the outstanding claims, were worth two thousand dollars, to one Holstein, his brother-in-law, and who had failed several times, for the price of five hundred dollars, payable January 1, 1872, provided the business was good, and he was successful. That the defendant had refused to show his books, or give any satisfactory or full statement of his affairs. That he owes other debts, and that his property has been attached.
The defendant moves to vacate the order of arrest on the plaintiff’s own affidavit, and does not explain or deny any of the matters alleged in the plaintiff’s affidavit. If these allegations are not met by a denial, on a motion to discharge from arrest, they must be taken to be true (Wolfe v. Brower, 5 Pobt., 604; Union Bank v. Mott, 9 Abb. Pr., 108).
*354 When a debtor, shortly' before the maturity of his indebtedness, sells his property for less than its value, to a relative, to be paid for conditionally, under the circumstances., and in the manner charged by' the plaintiffs, and makes no denial or explanation, a case arises where the creditor is entitled to the remedy afforded under subdivision 5 of section 179 of the Code. A contrary view of it would tend to withhold the relief and protection designed by the framers of the law, to be given to creditors, and serve substantially to promote the designs of knavish and fraudulent debtors.
The order appealed from should should be reversed, with costs to the plaintiff.

 Present, McCunn, P. J., Curtis and Sedgwick, JJ.